UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRAVELODGE HOTELS, INC.              :        Civil No. 07-4033(FSH)

      v.                                         :

VIJAY INVESTMENTS, LLC              :        OPINION & ORDER

      This matter having come before the Court on motion of plaintiff to permit it to serve defendant Vijay Investments, LLC. by mailing a copy of the summons and complaint by regular mail and certified mail/return receipt requested upon Vijay Patel, who listed as the agent for service on Vijay Investments;

      and the Court having considered the procedural history, including efforts made to personally serve defendant's registered agent;[1]

---

[1] In or about July 2004, Vijay Investments entered an agreement to operate an 80 room hotel. The agreement required that the defendant pay certain fees and allowed it to use the plaintiff's trademarks. The plaintiff alleges that the defendant failed to pay certain recurring fees and used the plaintiff's trademarks without authorization and so, on August 22, 2007, plaintiff filed a complaint alleging that the defendant breached the agreement. See Docket No. 1. The Clerk issued a summons on August 24, 2007.

      According to the Affidavit of William Narro, an employee of RECON Management Group, a process server was sent to the address of the defendant's Registered Agent, Vijay Patel, at 2 West Clay Park, San Francisco, California, on several occasions. Affidavit of William Narro, dated November 23, 2007, at ¶ 1. The affiant states that the process server went to the location on September 9, 2007 but Mr. Patel's son stated that Mr. Patel was not home. Id. at ¶ 3. Service was attempted again on September 14, 2007 and September 17, 2007, but no one answered the door. Id. at ¶ 4. On September 18, 2007, the process server returned to the location but this time, Mr. Patel's wife told him that Mr. Patel was not at home. Id. at ¶ 5. The process server reported that while at the location, however, he heard a male voice. Id.

      Having had no success personally serving Mr. Patel, Mr. Narro attempted to find an alternate address for Mr. Patel, and learned that he had a business at 790 Ellis Street, San

and it appearing that the plaintiff has been unsuccessful in its efforts to effectuate service upon the out-of-state corporate defendant;

and Fed. R. Civ. P. 4(h) governing service upon a corporation located in a judicial district of the United States and requiring that the corporation be served either "in the manner prescribed by Rule 4(e)(1), [which allows a party to follow state law for serving a summons in an action brought in the state court of the district in which the federal court is located] or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent and –if the agent is one authorized by statute and the statute so requires– by also mailing a copy of each to the defendant";

and it appearing that Rule 4(h) requires that service upon a corporation be by "delivery";

and it appearing that the "[t] term "delivery" as used in . . .Rule 4(h)(1) does not include service by mail. . . ." Signs by Tomorrow-USA, Inc. v. G.W. Engel Co., Inc., Civ. No. 05-4353, 2006 WL 2224416, *3 (D.N.J. 2006)(citing Shomide v. ILC Dover LP, Civ. No. 03-1019, 2006 WL 2042969, at *4 (D.Del. July 20, 2006) (finding that plaintiff's service by certified mail did not satisfy the requirements of Federal Rule 4(h)); Spears v. Kroger Co., Civ. No. 05-2832, 2006 WL 2044986, at *2 (N.D.Ohio July 19, 2006) (noting that the term "delivery" in Federal Rule 4(h)(1) does not include service by mail); Mettle v. First Union Nat'l Bank, 279 F.Supp.2d 598 (D.N.J.2003) (finding that service by certified mail alone is insufficient to effectuate service in accordance with Federal Rule 4(h));

---

Francisco, California. Id. at ¶ 6. On September 25, 2007, the process server went to the location and spoke to an individual at the front desk, who advised that Mr. Patel was not present. Id. at ¶ 7. The plaintiff reports that it has been unable to identify any other addresses for the registered agent or any other corporate official competent to accept service. Id. at ¶ 8; Certification of Bryan Couch, dated December 11, 2007, at ¶ 11.

and the plaintiff having been unable to effectuate "delivery" and hence seeks to proceed under the alternate method incorporated into Rule 4(h);

and Rule 4(h)(1) providing that service upon a corporation may be made "in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1)," Fed. R. Civ. P. 4(h)(1);

and Rule 4(e)(1) stating that service may be made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State," Fed. R. Civ. P. 4(e)(1);

and it therefore appearing that "service upon a corporation may be made in accordance with the New Jersey Rules of Court relating to service of process."  Signs by Tomorrow-USA, Inc., 2006 WL 2224416 at 3;

and the New Jersey Rules of Court providing for service upon a corporation outside of the state by mail, "[i]f it appears by affidavit ... that despite diligent effort and inquiry personal service cannot be made . . . ." N.J. Ct. R. 4:4-4(b)(1)(addressing service upon persons and entities located outside of New Jersey); Mettle v. First Union Nat. Bank, 279 F. Supp. 2d 598, 602 -03 (D.N.J 2003);[2]

and Rule 4:4-4(b)(1) stating that if personal service cannot be effectuated "despite diligent effort and inquiry," then service may take place by "mailing a copy of the summons and

---

[2]New Jersey Court Rule 4:4-4(a)(6) states that a New Jersey corporation can be served by personally serving any officer, director, trustee, managing or general agent, or any person authorized by appointment or by law to receive service. Mettle, 279 F. Supp. 2d at 602 -03 (noting that personal service is required for a New Jersey corporation but service upon an out of state corporation via mail may be appropriate).

complaint by registered or certified mail, return receipt requested, and simultaneously, by ordinary mail to . . . a corporation . . . that is subject to suit under a recognized name, addressed to a registered agent for service or to its principal place of business or to its registered office," N.J. Ct. R.  4:4-(b)(1)(C).;

and it therefore appearing that "[i]n New Jersey, service can be made by certified mail [only] after personal service is [diligently[3] attempted but is] unsuccessful," Capers v. Quest Capital Strategies, Inc., Civ. No.  06-5780, 2007 WL 2033831, *1  (D.N.J. 2007)(citing N.J. Ct. R. 4:4-3);

and it appearing that service under Rule 4:4-4(b)(1) does not require a Court Order;

and if further appearing that, pursuant to Rule 4:4-4(b)(3), a Court Order is only required if: (1) service cannot be made by one of the modes listed in Rule 4:4-4; (2) such court ordered method for service is "consistent with due process of law"; and (3) the movant files an affidavit

---

[3]Diligent effort can be demonstrated by an affidavit that satisfies Rule 4:4-5(c)(2).  As one judge explained,

> [a]s a precondition to service by mail, Rule 4:4-4(b)(1)(C) requires the *preparation* of an affidavit of inquiry. See Kramer v. Monogram Models, Inc., 700 F. Supp. 1348, 1355 (D.N.J.1988), rev'd on other grounds sub nom. Palestri v. Monogram Models, Inc., 875 F.2d 66 (3d Cir.1989); see also Sobel v. Long Island Entertainment Prods., Inc., 329 N.J.Super. 285, 291 (N.J.Super.Ct.App.Div.2000) ("a prerequisite for serving a defendant outside the State is an "affidavit satisfying the requirements of R. 4:4-5(c)(2) that despite diligent effort and inquiry personal service" cannot be effected within the State."). Failing to comply with Rule 4:4-4(b)(1)(C) means that service was not proper. See Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 493 (N.J.1952) ("The requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with.")  Rule 4:4-7, on the other hand, governs the filing of an affidavit of inquiry and provides that such an affidavit must be filed with the proof of service.

Ingersoll-Rand Co. v. Barnett, Civ. No. 05-1636, 2005 WL 2175461, *3, 5 (D.N.J.2005).

under Rule 4:4-5, which sets forth that the requisite diligent effort has been made;[4]

and it appearing that plaintiff has made a diligent effort to personally serve the agent of the non-New Jersey corporation;[5]

and it further appearing that service via regular mail and certified mail/return receipt requested on this agent would comport with due process based upon the defendant's consent to personal jurisdiction in this state, see Agreement at § 7.4 (the clause of the allegedly breached agreement pursuant to which the defendant, through Mr. Patel, consented to the personal jurisdiction of this Court and that state courts in Morris County, New Jersey); see also at § 14.6.

and it appearing based upon this record, the Court has specific personal jurisdiction over

---

[4]Rule 4:4-5(c)(2) states:

The inquiry required by this rule shall . . . be made of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of; the inquiry shall be undertaken in person or by letter enclosing sufficient postage for the return of an answer; and the inquirer shall state that an action has been or is about to be commenced against the person inquired for, and that the object of the inquiry is to give notice of the action in order that the person may appear and defend it.  The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.

N.J. Ct. R. 4:4-5(c)(2).

[5]The certification of Plaintiff's counsel and the Affidavit of Mr. Narro satisfy Rule 4:4-5(c)(2).  These documents demonstrate that: (1) Vijay Patel is the registered agent for service; (2) research was undertaken to find addresses at which he was located; (3) two addresses were identified; (4) one of the addresses is the same address that defendant listed in the contract for notices, see Agreement at § 7.3; (5) personal service was attempted at the address on four separate occasions; (6) responses from those present at the location, namely his son and wife, reveal that he is associated with the location; and (7) four visits to the registered address and one visit to the agent's business address failed to result in personal service. Thus, it appears that not only was there a diligent inquiry to finds his location but also diligent efforts to effectuate personal service.

5

the defendant and that the exercise of personal jurisdiction over the defendant would not offend traditional notions of fair play and substantial justice, see generally Blakey v. Continental Airlines, 164 N.J. 38, 66 (2000);

and it therefore appearing that since the plaintiff can serve the defendant under Rule 4:4-4(b)(1)(C), the Court finds, pursuant to Rule 4:4-4(b)(3), that there is no need for a Court Order to permit the defendants to serve the defendant through its Agent, Vijay Patel, at 2 West Clay Park, San Francisco, California by regular mail and certified mail/return receipt requested;

IT IS THEREFORE ON THIS 20th day of December, 2007

**ORDERED** that the motion for an order permitting substituted service [Docket No. 3] is denied as unnecessary under N.J. Rules 4:4-4(b)(1)(C) and 4:4-4(b)(3). The Court will extend the deadline to effectuate service in accordance with Rule 4:4-4(b)(1)(C) and service shall be effectuated no later than **January 30, 2008.**

                                            s/Patty Shwartz
                                            UNITED STATES MAGISTRATE JUDGE